■ TOWN OF RAMAPO, Respondent, v HENRY G. WILLIAMS, as Commissioner of New York State Department of Environmental Conservation, et al., Appellants. VILLAGE OF SUFFERN, Intervenor-Respondent. — In a proceeding pursuant to CPLR article 78, the appeal is from a judgment of the Supreme Court, Rockland County (Miller, J.), entered February 2, 1984, which, *inter alia,* annulled appellants' determination which refused to extend the termination date of the solid waste management facility maintained by petitioner. ¶ Judgment reversed, on the law, without costs or disbursements, determination confirmed and proceeding dismissed on the merits. ¶ On June 4, 1980, petitioner and appellant New York State Department of Environmental Conservation (DEC) entered into a consent order providing for cessation of further deliveries of solid waste to petitioner's landfill by March 1, 1983, and for measures to be taken in the interim by petitioner to reduce the flow of leachate into groundwater. Paragraph IV stated that petitioner could timely apply to DEC for a change in any provision of this order, and that DEC's consent would not be unreasonably withheld. Pursuant thereto, on January 26, 1983, petitioner requested, *inter alia,* an extension of the closure to December 31, 1983. DEC agreed to the extension and on May 20, 1983, a modified consent order was executed to that effect. In August, 1983, petitioner ascertained that its proposed arrangement for a substitute disposal of its solid waste was not

accepted by the Town of Clarkstown. On October 21, 1983, petitioner applied to DEC for an extension beyond December 31, 1983, and on December 30, 1983, DEC formally notified petitioner of its refusal. We note that there was a three and one-half year interim from the date of the original consent order to December 31, 1983, and inadequate and dilatory steps were taken by petitioner for the closure of the contaminated facility. Of great significance is the fact that the landfill cannot be capped while there is continued delivery of waste, and that rainwater percolating through the uncovered waste will aggravate the discharge of leachate into the groundwater. Under the circumstances, DEC's refusal to extend the agreed-upon closure date was not unreasonable. ¶ Upon oral argument, the attorney for appellants informed the court that approval had been granted on petitioner's application to construct a transfer station, and accordingly, that issue is moot. Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.